**Karston Wayne LOCKETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–99–00711–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 20, 2000.

Roger Bridgewater, Houston, for appellant.

Kelly Ann Smith, John B. Holmes, Houston, for State.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

ADELE HEDGES, Justice.

Appellant pled guilty to aggravated robbery without an agreed recommendation as to punishment. The trial judge accepted his plea and ordered a pre-sentence investigation report. After the report was prepared, the trial judge conducted a hearing and assessed punishment at 25 years in prison. We affirm.

## Background

Appellant forced his way into the complainant's home and demanded his wallet and his car keys.[1] The complainant complied. When the complainant did not provide the "pin" number for his credit card, appellant grabbed him by the head, gouged his eye, and cut him with an unknown object. Before leaving the home, appellant threw the complainant to the floor, stepped on his chest, and threw him across the room.

At the punishment hearing, the State presented evidence of an extraneous offense, an aggravated robbery, allegedly committed by appellant. Appellant was never charged with the extraneous offense.

In one point of error, appellant argues that the trial judge erred by considering the extraneous offense because the evidence was insufficient to prove that he committed the offense beyond a reasonable doubt.[2] We disagree.

---

1. The complainant was at least 65 years old at the time of the offense.

2. Within this point of error, appellant makes the conclusory statement that the extraneous offense "should not have been argued by the prosecutor as an 'addition' in assessing punishment." Because appellant provides no argument and cites no authority supporting

### Evidence of Extraneous Offense at Punishment

Texas Code of Criminal Procedure article 37.07, § 3(a) states that at a punishment hearing:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt ... to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2000).

At the present punishment hearing, the State presented the extraneous offense evidence without objection from appellant. During final argument, appellant contested for the first time the consideration of the extraneous offense evidence because the State had not proven it beyond a reasonable doubt. Specifically, appellant's counsel stated:

> I think the Court would know that any defendant and defense attorney would be asking for an instructed verdict if this extraneous case were the case we were called to try. It still has to be proven beyond a reasonable doubt. I would suggest to the Court that not only has it not been proven beyond a reasonable doubt, but the evidence is far stronger that he did not do it.

■ Even if we believe that appellant's counsel's remarks were an objection to the consideration of the extraneous offense evidence, the record does not reflect that the trial judge ruled on the objection, nor does it reflect that the trial judge refused to rule on the objection. Therefore, appellant waived any error that may have occurred. *See* TEX.R.APP. P. 33.1(a)(2)(A).

■ Furthermore, because the record does not reflect that the trial judge found or believed that appellant committed this extraneous offense, or that he considered this evidence in his assessment of punishment, it is impossible to ascertain whether appellant suffered any harm.

■ In order to create a record suitable for review, counsel should have asked the trial judge to rule that the extraneous offense not be considered because it was not proved beyond a reasonable doubt. If the trial judge had overruled that motion, we could have assumed that the trial judge found the offense was proved beyond a reasonable doubt and therefore considered it against appellant in assessing punishment.

We overrule point of error one.

### Conclusion

We affirm the judgment of the trial court.

this statement, nothing relative to this claim is presented for review. *See* TEX.R.APP. P. 38.1(h).