NO. 07-00-0436-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 13, 2001
_____

DANIEL LECORTERA DEAMAT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 263TH DISTRICT COURT OF HARRIS COUNTY;

NO. 835,140; HON. JIM WALLACE, PRESIDING
_____

Before BOYD, C.J., and QUINN, and JOHNSON, JJ.

Appellant, Daniel LeCortera Deamat, appeals his conviction for burglary of a habitation. His sole point of error concerns the effectiveness of his trial counsel. The latter was supposedly ineffective because he allegedly 1) failed to investigate the "criminal background" of a key witness and 2) mentioned "extraneous offenses in the presence of the jury." We overrule the point and affirm.

***Standard of Review***

The standard of review applicable to claims such as that at bar is well-settled and adequately explained in *Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000), *cert. denied,* __U.S.__, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) and *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We need not reiterate it.

### Application of Standard

*Extraneous Offenses*

We first address the allegation that counsel was ineffective because she mentioned extraneous offenses. In positing the contention, appellant simply cites excerpts from the reporter's record wherein counsel attempted to read from an offense report. Nowhere does he cite legal authority supporting the contention.[1] Nor does he explain how this conduct fell below an objective standard of reasonableness. Also missing is any attempt to explain how "the result would have been different" had the supposed error not occurred.[2] Rather, the appellant merely suggests that the action was improper and concludes that "[t]he results of the proceeding would have been different in the absence of . . . [the] unprofessional errors."

It is clear that the burden to prove a claim of ineffective assistance lies with the appellant. *Thompson v. State*, 9 S.W.3d at 812. Similarly undisputed is the duty of an appellant to posit clear and concise argument and accompany same with citation to the record and pertinent legal authority. TEX. R. APP. PROC. 38.1(h). It is not enough to merely

---

[1] The authority he did cite concerned either the general standard of review applicable to claims of ineffective assistance or the failure to investigate. None are cited as support for the proposition that the mere mention of extraneous offenses somehow constitutes unreasonable conduct.

[2] This is of particular note given the quantum of evidence illustrating appellant's guilt and the punishment (probation) assessed by the jury.

2

proffer conclusory, unsubstantiated observations. *See Tong v. State*, 25 S.W.3d at 710 (explaining that an appellant must support his contentions with relevant authority to be adequately briefed); *Lockett v. State*, 16 S.W.3d 504, 505-506 n.2 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd.) (stating that conclusory statements lacking citation to the record and to authority presented nothing for review). Since the proposition at issue consists of nothing more than conclusory utterances without citation to authority, we hold that appellant fulfilled neither his burden as explained in *Tong* and *Thompson* nor his duty as imposed by Texas Rule of Appellate Procedure 38.1(h).

*Investigation*

As to the contention that appellant did not investigate the criminal background of Edward Ramos, we acknowledge that counsel has a duty to reasonably investigate the allegations levied by the State and defend against same. Yet, before it can be said that the performance of trial counsel was unreasonably deficient in this regard, the appellant must proffer some evidence indicating that pertinent information existed which could have been discovered. *Lockett v. State,* 874 S.W.2d 810, 817 (Tex. App. – Dallas 1994, pet. ref'd.). This is so because the failure to discover (or attempt to discover) non-existent information can hardly be prejudicial. More importantly, the various record excerpts alluded to by appellant, reveal that the State informed both the court and opposing counsel that Ramos "ha[d] no criminal history." As explained by the prosecutor:

> [The State's investigator] did . . . find the [sic] name of which [sic] is like the complaining witness [Ramos]. We have checked the identifiers. The identifiers do not match. I have questioned my witness about any priors. He

3

doesn't have any. He has denied having any priors. And, like I said, the identifiers don't match.[3]

Given the comments of the prosecutor and the failure of appellant to tender competent evidence in support of his claim, we are unable to find that there existed information beneficial to appellant which his trial counsel neglected to discover.

Furthermore, no where does appellant cite us to evidence of record suggesting, much less establishing, that trial counsel failed to investigate the background of witness Ramos. Appellant merely concludes that she did not. Nor was trial counsel provided opportunity to explain the extent of her investigation and preparation, if any, and the motives or strategies underlying same. This generally proves fatal to a claim of ineffective assistance. *See Thompson v. State*, 9 S.W.3d at 812-14 (holding that because the record was silent as to why trial counsel did what he did, the appellant failed to rebut the presumption that counsel's actions were reasonable); *Beck v. State*, 976 S.W.2d 265, 266-67 (Tex. App.--Amarillo 1998, pet. ref'd.) (holding the same).

In short, we again conclude that appellant failed to carry his burden of proof. Given that he failed to do so, we must also reject the contention that trial counsel acted unreasonably in purportedly neglecting to investigate the criminal background of witness Ramos.

---

[3]We recognize that appellant attached to his brief a document entitled "Certificate of Disposition" which purports to evince the criminal history of an "Eduardo Ramos Poblano" or "Eduardo Ramos Pablano." Yet, the instrument was not admitted as evidence in any proceeding conducted below. Nor was it attached as evidence supporting any motion filed of record below. This, coupled with the rule restricting our review of the cause to the record before the trial court, prevents us from considering the item for any purpose. *James v. State*, 997 S.W.2d 898, 901 n.5 (Tex. App.--Beaumont 1999, no pet.). Moreover, the witness in question was named Eduardo Poblamo Ramos, while the individual purportedly described in the document was named Eduardo Ramos Poblano or Pablano. Given this difference in the name, we could not say with any reasonable assurance that the witness at bar and the person referred to in the document are one and the same, assuming the document was legitimately before us.

4

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.