NO. 07-02-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2003

_____

SEAN GRAVELLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A14644-0209; HON. JACK R. MILLER, PRESIDING

_____

*Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Sean Gravelle appeals his conviction for assault on a public servant. Via three issues, he alleges that 1) the trial court erred in overruling his motion to suppress his statement, 2) the trial court erred in refusing to include an instruction on self-defense in

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

the jury charge, and 3) the evidence is legally and factually insufficient to sustain the verdict. We affirm the judgment of the trial court.

### Issue One - Suppression of Statement

In his first issue, appellant contends that the trial court erred in refusing to suppress a statement he gave to Public Safety Officer James Warren. We conclude that the issue was waived due to inadequate briefing.

Appellant asserted that the statement was obtained in violation of art. 38.22 of the Texas Code of Criminal Procedure, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and article I, §§9, 10, and 19 of the Texas Constitution. Yet, he fails to discuss these constitutional or statutory provisions and explain why they purportedly were violated. Instead, he simply concludes, without analysis or citation to any pertinent case authority, that they were. Then, he asserts, in the alternative, that a comment he made in his statement to prior incarceration should have been suppressed since it referenced an inadmissible extraneous offense, the probative value of which was outweighed by its prejudicial effect. And though he generally alluded to Texas Rules of Evidence 403 and 404(b), no citation to case authority or analysis of the subject was provided.

The Texas Rules of Appellate Procedure obligate an appellant to develop his issues via clear and concise argument and with citation to pertinent legal authority. TEX. R. APP. P. 38.1(h). Should he fail to do so by simply uttering conclusory statements, then the issue is waived. *Lockett v. State*, 16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd). This is no less true when the issue implicates constitutional proviso. In that

2

instance, the "appellant must present specific arguments and authorities supporting his contentions . . . ." *Bell v. State*, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002). Because appellant presented us with only conclusions *sans* analysis and citation to pertinent case authority, we overrule the first issue. *Id.*; *Lockett v. State*, *supra*.

### *Issue Two - Self-Defense Instruction*

Next, appellant asserts that the trial court erred in refusing to include an instruction on self-defense in the jury charge. We overrule the issue for the simple reason that appellant denied engaging in the physical act for which he was prosecuted and which was purportedly necessary to defend himself. One must admit to engaging in the conduct underlying the criminal accusation before the trial court is obligated to instruct the jury on the matter. *East v. State,* 76 S.W.3d 736, 738 (Tex. App.–Waco 2002, no pet.); *Gilmore v. State,* 44 S.W.3d 92, 96-97 (Tex. App.–Beaumont 2001, pet. ref'd); *Anderson v. State,* 11 S.W.3d 369, 372 (Tex. App.–Houston [1ˢᵗ Dist.] 2000, pet. ref'd); *accord, Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding that to raise the defense of necessity, the accused must admit that he committed the offense and then offer necessity as a justification).

### *Issue Three - Legal and Factual Sufficiency*

Through his last issue, appellant argues that the evidence was legally and factually insufficient to support his conviction. That is, he does not question whether the victim of his assault was a public servant. Instead, he questions whether he assaulted the victim as required by penal statute. We overrule the point.

The applicable standards of review are well-settled and adequately discussed in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000). We refer the litigants to those opinions for an explanation of the relevant standards.

Next, it is a felony to assault a person who the actor knows is a public servant while that person is lawfully discharging an official duty. TEX. PEN. CODE ANN. §22.01(b)(1) (Vernon 2003). Furthermore, one commits an assault when he intentionally, knowingly, or recklessly causes bodily injury to another. *Id.* at §22.01(a)(1). Though the term "bodily injury" includes physical pain, illness, or any impairment of physical condition, *id.* at §1.07(a)(8), it should be construed rather broadly to encompasses even relatively minor physical contact, as long as that contact is more than mere offensive touching. *Wawrykow v. State*, 866 S.W.2d 96, 99 (Tex. App.–Beaumont 1993, no pet.).

Here, the State indicted appellant for assaulting Dustin Lee Aven by "grabbing him around the neck and putting him in a headlock." According to the record, Aven was performing his duties as a guard of the prison facility in which appellant was incarcerated. Furthermore, Aven testified that appellant 1) was belligerent and did not want to accompany him to another area of the facility when directed to do so, 2) stated that if Aven laid hands on him, he would "whoop his bitch ass," 3) doubled both fists, 4) pulled away from Aven and another officer, and 5) jerked away and placed Aven in a headlock after Aven tried to physically coerce appellant into complying with the directive. Other evidence illustrates that appellant's act resulted in Aven suffering a bruise or abrasion near his eye.

4

From the foregoing, a rational jury could have found beyond reasonable doubt that appellant intentionally or knowingly caused Aven to suffer bodily injury. *See Wawrykow v. State*, 866 S.W.2d 87, 90 (Tex. App.–Beaumont 1993, pet. ref'd) (finding that the appellant's belligerent attitude and pushing the officer was legally sufficient evidence of an assault). Additionally, that appellant denied engaging in the act merely created an issue of fact for the jury to resolve. It could have chosen to believe appellant or Aven. That it chose to credit Aven's testimony does not render the verdict clearly wrong or manifestly unjust. In short, the evidence of guilt is neither legally nor factually insufficient to support the jury's verdict.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


Do not publish.

5