NO. 07-02-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 25, 2003

______________________________

SEAN GRAVELLE,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A14644-0209; HON. JACK R. MILLER, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, S.J.
(footnote: 1)
 Appellant Sean Gravelle appeals his conviction for assault on a public servant.  Via three issues, he alleges that 1) the trial court erred in overruling his motion to suppress his statement, 2) the trial court erred in refusing to include an instruction on self-defense in the jury charge, and 3) the evidence is legally and factually insufficient to sustain the verdict.  We affirm the judgment of the trial court. 

Issue One - Suppression of Statement

In his first issue, appellant contends that the trial court erred in refusing to suppress  a statement he gave to Public Safety Officer James Warren.  We conclude that the issue was waived due to inadequate briefing.

Appellant asserted that the statement was obtained in violation of art. 38.22 of the Texas Code of Criminal Procedure, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and article I, §§9, 10, and 19 of the Texas Constitution.  Yet, he fails to discuss these constitutional or statutory provisions and explain why they purportedly were violated.  Instead, he simply concludes, without analysis or citation to any pertinent case authority, that they were.  Then, he asserts, in the alternative, that a comment he made in his statement to prior incarceration should have been suppressed since it referenced an inadmissible extraneous offense, the probative value of which was outweighed by its prejudicial effect.  And though he generally alluded to Texas Rules of Evidence 403 and 404(b), no citation to case authority or analysis of the subject was provided.     

The Texas Rules of Appellate Procedure obligate an appellant to develop his issues via clear and concise argument and with citation to pertinent legal authority.  
Tex. R. App. P. 
38.1(h).  Should he fail to do so by simply uttering conclusory statements, then the issue is waived.  
Lockett v. State
, 16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1
st
 Dist.] 2000, pet. ref’d).  This is no less true when the issue implicates constitutional proviso.  In that instance, the “appellant must present specific arguments and authorities supporting his contentions . . . .”  
Bell v. State
, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002).  
Because appellant presented us with only conclusions 
sans
 analysis and citation to pertinent case authority, we overrule the first issue.  
Id.
; 
Lockett v. State
, 
supra
. 

Issue Two - Self-Defense Instruction

Next, appellant asserts that the trial court erred in refusing to include an instruction on self-defense in the jury charge.  We overrule the issue for the simple reason that appellant denied engaging in the physical act for which he was prosecuted and which was purportedly necessary to defend himself.  One must admit to engaging in the conduct underlying the criminal accusation before the trial court is obligated to instruct the jury on the matter.  
East v. State, 
76 S.W.3d 736, 738 (Tex. App.–Waco 2002, no pet.); 
Gilmore v. State, 
44 S.W.3d 92, 96-97 (Tex. App.–Beaumont 2001, pet. ref’d); 
 
Anderson v. State, 
11 S.W.3d 369, 372 (Tex. App.–Houston [1
st
 Dist.] 2000, pet. ref’d); 
accord, Young v. State
, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding that to raise the defense of necessity, the accused must admit that he committed the offense and then offer necessity as a justification).  

Issue Three - Legal and Factual Sufficiency

Through his last issue, appellant argues that the evidence was legally and factually insufficient to support his conviction.  That is, he does not question whether the victim of his assault was a public servant.  Instead, he questions whether he assaulted the victim as required by penal statute.  We overrule the point.   

The applicable standards of review are well-settled and adequately discussed in 
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), 
Sims v. State, 
99 S.W.3d 600, 601 (Tex. Crim. App. 2003), 
Zuliani v. State, 
97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and 
King v. State, 
29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000).  We refer the litigants to those opinions for an explanation of the relevant standards.

Next, it is a felony to assault a person who the actor knows is a public servant while that person is lawfully discharging an official duty.  
Tex. Pen. Code Ann.
 §22.01(b)(1) (Vernon 2003).  Furthermore, one commits an assault when he intentionally, knowingly, or recklessly causes bodily injury to another.  
Id.
 at 
§22.01(a)(1).  Though the term “bodily injury” includes physical pain, illness, or any impairment of physical condition, 
id.
 at 
§1.07(a)(8), it should be construed rather broadly to encompasses even relatively minor physical contact, as long as that contact is more than mere offensive touching.  
Wawrykow v. State
, 866 S.W.2d 96, 99 (Tex. App.–Beaumont 1993, no pet.).    

Here, the State indicted appellant for assaulting Dustin Lee Aven by “grabbing him around the neck and putting him in a headlock.”  According to the record, Aven was performing his duties as a guard of the prison facility in which appellant was incarcerated.  Furthermore, Aven testified that appellant 1) was belligerent and did not want to accompany him to another area of the facility when directed to do so, 2) stated that if Aven laid hands on him, he would “whoop his bitch ass,” 3) doubled both fists, 4) pulled away from Aven and another officer, and 5) jerked away and placed Aven in a headlock after Aven tried to physically coerce appellant into complying with the directive.  Other evidence illustrates that appellant’s act resulted in Aven suffering a bruise or abrasion near his eye.  From the foregoing, a rational jury could have found beyond reasonable doubt that appellant intentionally or knowingly caused Aven to suffer bodily injury.  
See Wawrykow v. State
, 866 S.W.2d 87, 90 (Tex. App.–Beaumont 1993, pet. ref’d) (finding that the appellant’s belligerent attitude and pushing the officer was legally sufficient evidence of an assault).  Additionally, that appellant denied engaging in the act merely created an issue of fact for the jury to resolve.  It could have chosen to believe appellant or Aven. That it chose to credit Aven’s testimony does not render the verdict clearly wrong or manifestly unjust.  In short, the evidence of guilt is neither legally nor factually insufficient to support the jury’s verdict.   

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn

   Justice

Do not publish.Ãâåçü\ØüåßÑhere, a reporter’s record is provided, the sufficiency of the evidence to support implied findings of fact may be challenged. 
Id
.; 
In re Williams
, 998 S.W. 2d 724, 729 (Tex.App.–Amarillo 1999, no pet.). A judgment based on implied findings that are supported by sufficient evidence is to be affirmed on any applicable theory of law. 
See Point Lookout West, Inc. v. Whorton
, 742 S.W. 2d 277, 278 (Tex. 1987).

Community property consists of all property, other than separate property, acquired by either spouse during the marriage. Tex. Fam. Code Ann. § 3.002 (Vernon 1998). Property in the possession of either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a). This presumption may be rebutted with clear and convincing evidence the property is separate property. Tex. Fam. Code Ann. § 3.003(b). 

We construe appellant’s first issue, in which he argues that appellee’s testimony alone was not sufficient to rebut the presumption that the disputed items were community property, as a challenge to the factual sufficiency of the evidence. Clear and convincing evidence is that degree of proof sufficient to produce in the mind of the factfinder a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007 (Vernon 2002).   In considering appellant’s factual sufficiency challenge, we consider all the evidence, 
In re Williams
, 998 S.W. 2d at 729, and sustain his challenge if the trial court’s finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Id
.; 
Hill v. Hill
, 971 S.W. 2d 153, 158 (Tex.App.–Amarillo 1998, no pet.).
(footnote: 1) 

In support of his argument, appellant cites 
Tarver v. Tarver
, 394 S.W. 2d 780 (Tex. 1965), 
McElwee v. McElwee
, 911 S.W. 2d 182 (Tex.App.–Houston [1
st
 Dist.] 1995, writ denied) and 
Mortenson v. Trammell
, 604 S.W. 2d 269 (Tex.App.–Corpus Christi 1980, writ ref’d n.r.e.) for the proposition that some manner of tracing of the origin of the disputed items was required. Appellant’s reliance on those cases is misplaced. Each of those cases involved efforts to identify the source of funds used for the acquisition of assets during a marriage. No issue requiring tracing is presented in this case.

Appellant testified that each of the five disputed items was acquired during the marriage. Appellee testified that she owned three of the five disputed items (the television and the bedroom and living room furniture) before her marriage to appellant. She also testified that appellant had sold the television. Her testimony about the stove and refrigerator was more ambivalent. She stated that both items were her separate property, and in the context of the trial court’s questioning of her, it would not be unreasonable to construe the statement as one that she owned the items before the marriage. At another point, she stated that the stove and refrigerator were contained in the mobile home that was repossessed which, since that mobile home was acquired during the marriage, may suggest that the appliances were also. Appellant also testified that the refrigerator was located in the mobile home, but stated that the stove he was describing was located in the other residence. He asserted that both items should still be on hand. Although the clear and convincing evidence standard requires proof weighing heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. 
G.B.R.
, 953 S.W.2d at 396, 
citing
 
State v. Addington,
 588 S.W.2d 569, 570 (Tex. 1979). It was the task of the trial court to evaluate the credibility of the witnesses and resolve conflicts in testimony. On this record, we are unwilling to say a conclusion that the five disputed items were owned by appellee before the marriage and were therefore her separate property is so contrary to the overwhelming weight of the evidence as to be clearly wrong.

Even if the trial court was guilty of mischaracterizing the community or separate property character of one or more of the disputed items, the mischaracterization did not necessarily have a significant effect on the division of the parties’ community property. Appellee’s testimony was to the effect that the five disputed items had minimal value, and to the effect that three of the five items were no longer available for division between them, having been sold or repossessed. The record supports a conclusion, then, that the effect of any mischaracterization of those assets was 
de minimis
.  
McElwee v. McElwee
, 911 S.W.2d at 189.   We overrule appellant’s first and second issues. 

In a divorce decree, the trial court “shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.” Tex. Fam. Code Ann. § 7.001.  A trial court has broad discretion in making the division of community property, and its division is to be affirmed unless the court has abused its discretion.
 Murff v. Murff
, 615 S.W.2d 696, 698 (Tex. 1981); 
see Schlueter v. Schlueter
, 975 S.W.2d 584, 589 (Tex. 1998).   “In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly.”
   Murff
, 615 S.W.2d at 698. The “just and right” division of the community estate need not be equal. 
Schlueter
, 975 S.W.2d at 588; 
Forgason v. Forgason
, 911 S.W.2d 893, 896 (Tex.App.–Amarillo 1995, writ denied). 

A court may abuse its discretion by ruling arbitrarily, unreasonably or without reference to any guiding rules and principles, or without supporting evidence.
  Bocquet v. Herring
, 972 S.W. 2d 19, 21 (Tex. 1998); 
Morrow v. H.E.B.
, Inc. , 714 S.W. 2d 297, 298 (Tex. 1986). When determining whether the court has abused its discretion, we must view the evidence in the light most favorable to the trial court’s actions and indulge in every legal presumption in favor of the judgment.  
Tucker v. Tucker
, 908 S.W.2d 530, 532 (Tex.App.–San Antonio 1995, writ denied). 

When questioned by the court during the hearing, appellant admitted that six items he had identified as community property were in fact appellee’s separate property.  Appellant also testified that law books he listed at $5,500 actually had been purchased for $850, a freezer listed at a value of $750 had been destroyed and an automobile he valued at $3,300 had been purchased for $500.

Appellee testified she had acquired most of the property that appellant claimed to be community property prior to her marriage to appellant, that some of the items appellant listed did not exist and others had been repossessed. Appellee also testified that appliances and other items belonging to the community estate had been taken and sold by appellant prior to his incarceration, and that he was responsible for the loss of other assets. Appellee testified that she had no place to live. 

Appellant, relying on the factors referenced in 
Murff
, 615 S.W.2d at 699, contends there were no factors to support a disproportionate division of community property.  The factors a court may consider in making a just and right division of property are not limited to those identified in
 Murff
. 
See Abernathy v. Fehlis
, 911 S.W.2d 845, 848 (Tex.App.–Austin 1995, no writ). 
Phillips v. Phillips
, 75 S.W.3d 564, 573 (Tex.App.–Beaumont 2002, no pet.), cited by appellant, does not stand for a contrary rule. The circumstances of each marriage dictate what factors should be considered in the division of property upon divorce.  
Young v. Young
, 609 S.W.2d 758, 761 (Tex. 1980).

A spouse may recover an appropriate share not only of property existing in the community at the time of divorce, but also that which her spouse  improperly depleted from the community estate. 
Schlueter
, 975 S.W.2d at 589.  The trial court also may consider whether one of the parties to the marriage has wasted community assets. 
Phillips
, 75 S.W.3d at 573; 
see Schlueter
, 975 S.W.2d at 589; 
Beard v. Beard
, 49 S.W.3d 40, 66 (Tex.App.–Waco 2001, pet. denied).  

On this record, and in the absence of findings concerning the values of any of the assets of the community estate, we presume that the trial court properly considered the entire circumstances of the parties, including the brief duration of their time together, and correctly exercised its discretion in dividing their property. We cannot say that the court acted arbitrarily or without evidence to support its decision. Appellant’s third issue is overruled.  The judgment of the trial court is affirmed. 

James T. Campbell

         Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).  

1: