NO. 07-02-0510-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 25, 2003


______________________________



SEAN GRAVELLE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14644-0209; HON. JACK R. MILLER, PRESIDING


_______________________________





Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Sean Gravelle appeals his conviction for assault on a public servant. Via
three issues, he alleges that 1) the trial court erred in overruling his motion to suppress his
statement, 2) the trial court erred in refusing to include an instruction on self-defense in
the jury charge, and 3) the evidence is legally and factually insufficient to sustain the
verdict. We affirm the judgment of the trial court. 

Issue One - Suppression of Statement


 In his first issue, appellant contends that the trial court erred in refusing to suppress 
a statement he gave to Public Safety Officer James Warren. We conclude that the issue
was waived due to inadequate briefing.

 Appellant asserted that the statement was obtained in violation of art. 38.22 of the
Texas Code of Criminal Procedure, the Fourth, Fifth, Sixth, and Fourteenth Amendments
to the United States Constitution, and article I, §§9, 10, and 19 of the Texas Constitution. 
Yet, he fails to discuss these constitutional or statutory provisions and explain why they
purportedly were violated. Instead, he simply concludes, without analysis or citation to any
pertinent case authority, that they were. Then, he asserts, in the alternative, that a
comment he made in his statement to prior incarceration should have been suppressed
since it referenced an inadmissible extraneous offense, the probative value of which was
outweighed by its prejudicial effect. And though he generally alluded to Texas Rules of
Evidence 403 and 404(b), no citation to case authority or analysis of the subject was
provided. 

 The Texas Rules of Appellate Procedure obligate an appellant to develop his issues
via clear and concise argument and with citation to pertinent legal authority. Tex. R. App.
P. 38.1(h). Should he fail to do so by simply uttering conclusory statements, then the issue
is waived. Lockett v. State, 16 S.W.3d 504, 505 n.2 (Tex. App.-Houston [1st Dist.] 2000,
pet. ref'd). This is no less true when the issue implicates constitutional proviso. In that
instance, the "appellant must present specific arguments and authorities supporting his
contentions . . . ." Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002). Because
appellant presented us with only conclusions sans analysis and citation to pertinent case
authority, we overrule the first issue. Id.; Lockett v. State, supra. 

Issue Two - Self-Defense Instruction


 Next, appellant asserts that the trial court erred in refusing to include an instruction
on self-defense in the jury charge. We overrule the issue for the simple reason that
appellant denied engaging in the physical act for which he was prosecuted and which was
purportedly necessary to defend himself. One must admit to engaging in the conduct
underlying the criminal accusation before the trial court is obligated to instruct the jury on
the matter. East v. State, 76 S.W.3d 736, 738 (Tex. App.-Waco 2002, no pet.); Gilmore
v. State, 44 S.W.3d 92, 96-97 (Tex. App.-Beaumont 2001, pet. ref'd); Anderson v. State,
11 S.W.3d 369, 372 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd); accord, Young v.
State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999) (holding that to raise the defense of
necessity, the accused must admit that he committed the offense and then offer necessity
as a justification). 

 Issue Three - Legal and Factual Sufficiency

 Through his last issue, appellant argues that the evidence was legally and factually
insufficient to support his conviction. That is, he does not question whether the victim of
his assault was a public servant. Instead, he questions whether he assaulted the victim
as required by penal statute. We overrule the point. 

 The applicable standards of review are well-settled and adequately discussed in
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589, 593-94
(Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000). 
We refer the litigants to those opinions for an explanation of the relevant standards.

 Next, it is a felony to assault a person who the actor knows is a public servant while
that person is lawfully discharging an official duty. Tex. Pen. Code Ann. §22.01(b)(1)
(Vernon 2003). Furthermore, one commits an assault when he intentionally, knowingly,
or recklessly causes bodily injury to another. Id. at §22.01(a)(1). Though the term "bodily
injury" includes physical pain, illness, or any impairment of physical condition, id. at
§1.07(a)(8), it should be construed rather broadly to encompasses even relatively minor
physical contact, as long as that contact is more than mere offensive touching. Wawrykow
v. State, 866 S.W.2d 96, 99 (Tex. App.-Beaumont 1993, no pet.). 

 Here, the State indicted appellant for assaulting Dustin Lee Aven by "grabbing him
around the neck and putting him in a headlock." According to the record, Aven was
performing his duties as a guard of the prison facility in which appellant was incarcerated. 
Furthermore, Aven testified that appellant 1) was belligerent and did not want to
accompany him to another area of the facility when directed to do so, 2) stated that if Aven
laid hands on him, he would "whoop his bitch ass," 3) doubled both fists, 4) pulled away
from Aven and another officer, and 5) jerked away and placed Aven in a headlock after
Aven tried to physically coerce appellant into complying with the directive. Other evidence
illustrates that appellant's act resulted in Aven suffering a bruise or abrasion near his eye. 
From the foregoing, a rational jury could have found beyond reasonable doubt that
appellant intentionally or knowingly caused Aven to suffer bodily injury. See Wawrykow
v. State, 866 S.W.2d 87, 90 (Tex. App.-Beaumont 1993, pet. ref'd) (finding that the
appellant's belligerent attitude and pushing the officer was legally sufficient evidence of
an assault). Additionally, that appellant denied engaging in the act merely created an
issue of fact for the jury to resolve. It could have chosen to believe appellant or Aven. That
it chose to credit Aven's testimony does not render the verdict clearly wrong or manifestly
unjust. In short, the evidence of guilt is neither legally nor factually insufficient to support
the jury's verdict. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003).