NO. 07-03-0228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 25, 2003

_____

MICHAEL HORTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;

NO. CR-22,860; HONORABLE PAUL E. WHITE, JUDGE

_____

***Memorandum Opinion***

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Through one issue, appellant Michael Horton challenges his conviction for burglary of a habitation. After he pled guilty, the issue of punishment was submitted to the trial court for resolution. According to appellant, his counsel was ineffective during that portion of the trial because he "allowed [appellant's] illegally obtained confession to be admitted into evidence." We affirm the judgment.

The standard by which we review a claim of ineffective assistance is well established. Rather than repeat it, we cite the parties to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Bone v. State,* 77 S.W.3d 828 (Tex. Crim. App. 2002), *Thompson v. State,* 9 S.W.3d 808 (Tex. Crim. App. 1999), and *Rios v. State,* 990 S.W.2d 382 (Tex. App.--Amarillo 1999, no pet.) for its explanation.

Next, according to the record, counsel for appellant objected to the admission of the confession when it was first offered into evidence. He believed it to be duplicitous, hearsay, and irrelevant. The objections were overruled, and the tape was then heard by the trial court. Further examination of the witness through which the confession was proffered revealed that appellant was not afforded his *Miranda* warnings before making the statement. Counsel then objected to the admission of the tape on that ground. The trial court sustained the objection and struck the confession from the record. Counsel having objected to the admission of the tape at four different times and having ultimately succeeded in excluding it from evidence does not evince the rendition of unreasonably deficient assistance. *See Marlow v. State,* 886 S.W.2d 314, 318-19 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (holding that counsel was not ineffective for failing to object to the admission of the State's exhibit when the record showed he objected four times, with the first three being sustained and only the last one being overruled). Thus, appellant has failed to satisfy the first element of the test espoused in *Strickland*, and its progeny.[1]

---

[1]We also note that appellant failed to brief whether the confession was actually obtained in violation of the law and was therefore susceptible to exclusion. Nor can he rely on the trial court's decision to exclude the statement as proof of its inadmissibility. This is so because the trial court decided to exclude the statement "[o]ut of an abundance of caution" and because neither counsel provided him authority on the matter. So, before it can be said that counsel was deficient for being unable to initially exclude the confession, it was incumbent on him to explain via argument and authority why the utterance was actually

2

Nor has he satisfied the element requiring that he establish prejudice, *i.e.* that the outcome would have differed but for the alleged misconduct. Indeed, appellant did not even attempt to brief that issue other than by simply saying "the damage had been done." This alone merits rejection of his claim. TEX. R. APP. P. 38.1(h) (stating that a brief must contain a clear and concise argument supporting the contentions made with appropriate citation to authority and the record); *Lockett v. State*, 16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (holding that a conclusory statement supported by neither argument nor authority presents nothing for review).

Yet, even assuming *arguendo* that appellant had not waived the issue of prejudice due to inadequate briefing, nothing of record illustrates that the trial court considered anything contained in the confession while sentencing him. The applicable range of punishment was from two to 20 years. TEX. PEN. CODE ANN. §12.33(a) (Vernon 2003). The trial court indicated that it assessed a term of eight years because of the "no less than at least ten other offenses" listed in the pre-sentence investigation report, not because of anything mentioned in the confession.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

---

subject to exclusion and, again, this he did not do. TEX. R. APP. P. 38.1(h) (stating that a brief must contain a clear and concise argument supporting the contentions made with appropriate citation to authority and the record); *Lockett v. State*, 16 S.W.3d 504, 505 n.2 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (holding that a conclusory statement supported by neither argument nor authority presents nothing for review).

Do not publish.