Opinion issued March 17, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00121-CR
NO. 01-04-00122-CR




HEATHER NACOLE LANE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 939222, 939223




MEMORANDUM OPINION
          Appellant, Heather Nacole Lane, was charged by indictment with the felony
offenses of aggravated sexual assault of a child and sexual assault of a child.


 
Appellant pleaded guilty without an agreed punishment recommendation from the
State. The trial court prepared a presentence investigation (PSI) report and conducted
a sentencing hearing with testimony. The trial court found appellant guilty and
sentenced her to 30 years in prison for the aggravated sexual assault of a child, and
20 years in prison for the sexual assault of a child. In one issue, appellant contends
that the trial court erred at the punishment phase of trial by “considering” two
videotapes and hearsay statements in the PSI report. We affirm.
Background
          At the punishment hearing, the trial court asked appellant’s trial counsel if he
had received a copy of the PSI report and whether he had any objections to it. 
Appellant’s trial counsel responded that he had no objections to the PSI report. The
State then called Baytown Police Department Detective A. Craft to testify, and he
identified State’s exhibit one as a videotape of an interview he conducted with
appellant on January 15, 2002, and State’s exhibit two as a videotape recovered
pursuant to the execution of a search warrant at appellant’s codefendant’s house. 
After representing to the trial court that appellant’s trial counsel had received a copy
of State’s exhibit one and had been allowed to review the contents of State’s exhibit
two, the State offered the two exhibits into evidence. Appellant’s trial counsel
responded that he had reviewed the two tapes and had no objection to their admission. 
The tapes were then admitted into evidence.
Discussion
          In one issue, appellant complains that the trial court erred by “considering”
State’s exhibits one and two and appellant’s statements contained in the PSI report. 
Appellant does not assert that the trial court erred by admitting State’s exhibit one and
two and the statements in the PSI report, because, as she acknowledges, her trial
counsel affirmatively stated he had no objections to these exhibits and thus waived
the right to complain about their admission on appeal. See Dean v. State, 749 S.W.2d
80, 83 (Tex. Crim. App. 1988). Instead, appellant asserts that the trial court should
not have considered the properly admitted evidence sua sponte. Appellant has cited
no authority, and we are not aware of any authority that supports her argument that
the trial court should not consider all properly admitted evidence in reaching its
decision. See Tex. R. App. P. 38.1(h) (“[B]rief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record.”); Lockett v. State, 16 S.W.3d 504, 505 n.2 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d) (holding that conclusory statement supported by neither argument
nor authority presents nothing for review). Moreover, appellant did not object in the
trial court to the court’s “considering” the properly admitted evidence and therefore
waived any complaint on appeal. See Tex. R. App. P. 33.1; Briggs v. State, 789
S.W.2d 918, 921, 924 (Tex. Crim. App. 1990) (defendant waived claim that
admission of child video tape violated rights to confrontation and due process by not
objecting at trial).
Conclusion
          We affirm the judgments of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2 (b).