NO. 07-06-0320-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 14, 2006



______________________________




CONSTANTINE SAADEH, M.D., APPELLANT



V.



PAULA REED-WHITLEY AND EDDIE WHITLEY, APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,387-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Constantine Saadeh, M.D. perfected this appeal from the trial court's
judgment and amended judgment in favor of appellees Paula Reed-Whitley and Eddie
Whitley. On August 25, 2006, the trial court granted Saadeh's motion for new trial and
vacated the judgment and amended judgment. An order granting a new trial vacates the
original judgment appealed from and returns the case to the trial court as if no previous trial
or hearing had been conducted. See Old Republic Ins. Co. v. Scott, 846 S.W.2d 832, 833
(Tex. 1993); Long John Silver's, Inc. v. Martinez, 850 S.W.2d 773, 777 (Tex.App.-San
Antonio 1993, writ dism'd w.o.j.). Thus, there is no final judgment from which an appeal
may be prosecuted. 

 Accordingly, the appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice

 




 Further examination of the witness through which the confession was
proffered revealed that appellant was not afforded his Miranda warnings before making the
statement. Counsel then objected to the admission of the tape on that ground. The trial
court sustained the objection and struck the confession from the record. Counsel having
objected to the admission of the tape at four different times and having ultimately
succeeded in excluding it from evidence does not evince the rendition of unreasonably
deficient assistance. See Marlow v. State, 886 S.W.2d 314, 318-19 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd) (holding that counsel was not ineffective for failing to object to
the admission of the State's exhibit when the record showed he objected four times, with
the first three being sustained and only the last one being overruled). Thus, appellant has
failed to satisfy the first element of the test espoused in Strickland, and its progeny. (1)

 Nor has he satisfied the element requiring that he establish prejudice, i.e. that the
outcome would have differed but for the alleged misconduct. Indeed, appellant did not
even attempt to brief that issue other than by simply saying "the damage had been done." 
This alone merits rejection of his claim. Tex. R. App. P. 38.1(h) (stating that a brief must
contain a clear and concise argument supporting the contentions made with appropriate
citation to authority and the record); Lockett v. State, 16 S.W.3d 504, 505 n.2 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that a conclusory statement supported
by neither argument nor authority presents nothing for review).

 Yet, even assuming arguendo that appellant had not waived the issue of prejudice
due to inadequate briefing, nothing of record illustrates that the trial court considered
anything contained in the confession while sentencing him. The applicable range of
punishment was from two to 20 years. Tex. Pen. Code Ann. §12.33(a) (Vernon 2003). 
The trial court indicated that it assessed a term of eight years because of the "no less than
at least ten other offenses" listed in the pre-sentence investigation report, not because of
anything mentioned in the confession. 

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Justice


Do not publish. 
1. We also note that appellant failed to brief whether the confession was actually obtained in violation
of the law and was therefore susceptible to exclusion. Nor can he rely on the trial court's decision to exclude
the statement as proof of its inadmissibility. This is so because the trial court decided to exclude the
statement "[o]ut of an abundance of caution" and because neither counsel provided him authority on the
matter. So, before it can be said that counsel was deficient for being unable to initially exclude the
confession, it was incumbent on him to explain via argument and authority why the utterance was actually
subject to exclusion and, again, this he did not do. Tex. R. App. P. 38.1(h) (stating that a brief must contain
a clear and concise argument supporting the contentions made with appropriate citation to authority and the
record); Lockett v. State, 16 S.W.3d 504, 505 n.2 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that
a conclusory statement supported by neither argument nor authority presents nothing for review).