**Larry Ray JAMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–99–050CR.**

Court of Appeals of Texas, Beaumont.

Submitted July 12, 1999.

Decided Aug. 25, 1999.

Gilbert G. Garcia, Garcia & Garcia, Conroe, for appellant.

Michael A. McDougal, David Bluestein, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

EARL B. STOVER, Justice.

Following a plea of not guilty, Larry Ray James was convicted by a jury of the offense of Driving While Intoxicated, subsequent offense. *See* TEX. PEN.CODE ANN. §§ 49.04(a) & 49.09(b) (Vernon Supp. 1999).[1] Punishment was assessed by the jury at five years confinement in the Institutional Division of the Texas Department of Criminal Justice. James brings two points of error on appeal.[2]

### COLLATERAL ATTACK OF PRIOR CONVICTION

■ The indictment in this case alleged two prior DWI convictions, occurring in 1989 and 1991,[3] which enhanced the offense at issue from a misdemeanor to a felony. In his first point of error, James argues the 1989 conviction is void because he was not admonished as to the range of punishment prior to the entry of his plea in that case.

■ "If a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked...." *Tatum v. State,* 846 S.W.2d 324, 327 (Tex.Crim.App.1993). The prior

---

1. **§ 49.04. Driving While Intoxicated**
   (a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.
   **§ 49.09. Enhanced Offenses and Penalties**
   ....
   (b) If it is shown on the trial of an offense under Section 49.04 ... that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, ... the offense is a felony of the third degree.

2. James presents his arguments as "issues" and "points of error." For the sake of brevity, we have treated James' points of error "as covering every subsidiary question that is fairly included." TEX.R.APP. P. 38.1(e).

3. *State v. James,* No. 58,869W (County Ct. at Law No. 1, Brazoria County, Tex. Aug. 21, 1989); *State v. James,* No. 9107916 (County Crim. Ct. at Law No. 9, Harris County, Tex. July 11, 1991).

conviction may be held void on collateral attack if the accused is convicted on a plea of guilty and the trial court wholly failed to admonish the defendant pursuant to Tex. Code Crim Proc. Ann. art. 26.13 (Vernon 1989 & Supp.1999)[4] prior to receipt of a guilty plea. *See Robinson v. State,* 739 S.W.2d 795, 798 (Tex.Crim.App.1987).

The State argues this issue has not been preserved for appellate review because of the lack of an objection at trial. We agree. James concedes his trial counsel failed to object to the admission of the two prior DWI convictions. In fact, trial counsel specifically stated he had no objection to the admission of the prior convictions. Therefore, we conclude this point of error has not been preserved for appellate review. *See* Tex.R.App. P. 33.1; Tex.R. Evid. 103(a)(1). James' first point of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ In his second point of error, James alleges he received ineffective assistance of counsel at trial.[5] We examine ineffective assistance of counsel by the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim.App.1986). In *Jackson v. State,* the Court of Criminal Appeals has set forth the applicable standard:

> The proper standard for determining claims of ineffective assistance under the Sixth Amendment is the standard adopted by the United States Supreme Court in *Strickland.* We adopted the *Strickland* standard in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App. 1986). In *Strickland,* the Supreme

Court adopted a two-pronged analysis for claims of ineffective assistance. Under the first prong, the defendant must show that counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Under the second prong, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. Under the *Strickland* test, the defendant bears the burden of proving ineffective assistance. In addition, when reviewing a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065.

877 S.W.2d 768, 770–71 (Tex.Crim.App. 1994).

■ James argues his trial counsel was ineffective in failing to investigate the 1989 DWI conviction to determine its voidness. He contends the 1989 DWI is void because he was not properly admonished as to the range of punishment for that offense. The 1989 judgment recites that James entered his plea of guilty "after having been duly admonished of the conse-

---

**4. Art. 26.13. Plea of Guilty**

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense[.] Tex.Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp.1999).

**5.** Attached to James' appellate brief are three affidavits in support of James' ineffective as-

sistance of counsel arguments. These affidavits are not part of the appellate record and, thus, cannot be considered. *See* Tex.R.App. P. 34.1. An appellate court must determine a case on the record as filed and cannot consider documents attached as exhibits or appendices to briefs or motions. *See Mitchison v. Houston Independent School Dist.,* 803 S.W.2d 769, 771 (Tex.App.—Houston (14th Dist.) 1991, writ denied).

quences [of his guilty plea] to said charge as alleged in the information." "[R]ecitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity." *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g). When prior convictions are collaterally attacked, the judgments reflecting those convictions are presumed to be regular, and the accused bears the burden of defeating that presumption. *See Williams v. State*, 946 S.W.2d 886, 900 (Tex.App.—Waco 1997, no pet.)

James also alleges he was denied counsel for the 1989 conviction and that his trial counsel failed to petition the court for habeas corpus relief for that conviction. James admits he signed a waiver of counsel form, but states he did so only because he was told he had to sign the waiver form in order to receive probation.

■■■ To collaterally attack the validity of a prior conviction on the basis of the denial of the right to counsel, an appellant must prove that he did not voluntarily, knowingly, and intelligently waive his right to counsel. *Id.; Garcia v. State*, 909 S.W.2d 563, 566 (Tex.App.—Corpus Christi 1995, pet ref'd). "Bald assertions by a defendant that he was without the assistance of counsel at his prior convictions are not sufficient to overcome the presumption of regularity of the records before the court in the case." *Swanson v. State*, 722 S.W.2d 158, 164 (Tex.App.— Houston [14th Dist.] 1986, pet. ref'd) (citing *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex.Crim.App.1985)). Here, the 1989 judgment properly before us recites that James "knowingly, intelligently, and voluntarily waived the right to counsel." James offered no evidence to overcome the presumption of regularity attached to this recital.

■■■ James also argues his trial counsel was ineffective for failing to object to the introduction and admission of the two prior DWI judgments, failing to file a motion to quash the indictment based on the prior convictions, and/or failing to file a

motion in limine. Prior misdemeanor DWI offenses are part of the proof at the guilt/innocence stage of a felony DWI prosecution. *See Renshaw v. State*, 981 S.W.2d 464, 466 (Tex.App.—Texarkana 1998, pet. ref'd). The State is required to prove every element of a charged offense in order to convict a person. *See* Tex. Pen.Code Ann. § 2.01 (Vernon 1994). Thus, to prosecute a defendant for felony DWI, the State must prove the existence of two prior convictions for DWI, and must do so in its case-in-chief. *See Renshaw*, 981 S.W.2d at 466; *Hampton v. State*, 977 S.W.2d 467, 469 (Tex.App.—Texarkana 1998, pet. ref'd).

■■■ We recognize that a trial counsel "has a duty to make a proper investigation and prepare for trial." *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex.Crim. App.1992). "This duty includes investigating a defendant's prior convictions." *Id.* Claims of ineffective assistance, however, must be firmly grounded in the record. *See Laurant v. State*, 926 S.W.2d 782, 783 (Tex.App.—Houston [1st Dist.] 1996, pet ref'd) (citing *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981)). As discussed above, the 1989 judgment is regular on its face, and James does not contest the validity of the 1991 judgment. The appellate record does not affirmatively demonstrate that trial counsel had any reason to contest the validity of the convictions.

■■■ Lastly, James argues his counsel was ineffective in failing to call his brother-in-law Bobby Johnson as a witness. A trial counsel will not be considered ineffective for failing to call every witness requested by the defendant. *See Tutt v. State*, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet ref'd). Such a failure is irrelevant absent a showing that the witness was available and the defendant would have benefitted from the testimony. *See King v. State*, 649 S.W.2d 42, 44 (Tex. Crim.App.1983). In his brief, James claims Johnson would have been available to testify and would have testified that James was not intoxicated and had con-

sumed only three beers instead of six as other testimony established. There is no evidence in the record, however, to substantiate this assertion.

We conclude James has not fulfilled his burden of proving ineffective assistance of counsel.[6] James has failed to show that his trial counsel's performance was deficient or that counsel's alleged deficient performance prejudiced his defense. James' second point of error is overruled.

AFFIRMED.

---

**6.** "As a general rule, one should *not* raise an issue of ineffective assistance of counsel on direct appeal. This is so because a trial record is generally insufficient to address claims of ineffective assistance of counsel in light of the 'strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance.' *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).... [I]n order to effectively argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial or appellate counsel should be developed. Such a record is generally best developed in the context of a hearing held in relation to an application for writ of habeas corpus." *Jackson v. State*, 877 S.W.2d 768, 772 (Tex.Crim.App.1994)(J. Baird concurring) (footnotes omitted)(emphasis in original).