NO. 12-03-00105-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

            
SHAWN MONROE COWAN,                           §     APPEAL FROM THE 355TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HOOD COUNTY, TEXAS





MEMORANDUM OPINION
            Shawn Monroe Cowan appeals his conviction for possession of methamphetamine. A jury
found him guilty and sentenced him to eighteen years of imprisonment. Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief raising
five issues. We affirm.
Background
            Officer Chad Davis stopped Appellant’s van on the night of June 23, 2002 because the
taillights were not working. Appellant, who had previously served time on a felony forgery conviction,
was on parole at the time. Officer Davis learned that a parole warrant had been issued for Appellant
and arrested him on that warrant. Officer Davis and Officer Clayton Dildy performed an inventory
search of the van and had it towed and impounded upon Appellant’s arrest. During the inventory, they
found two baggies inside a cigarette pack. The lab report showed that the baggies contained a total
of 3.78 grams of methamphetamine.
            While awaiting trial on the charge of possession of methamphetamine, Appellant worked on
the county’s inmate road crew. On July 19, 2002, Appellant and another inmate, Billy Jack Oakley,
stole a pickup and drove to Waco, where they were later apprehended. There was a rifle in the pickup
at the time they took it. Officers found the rifle on the premises where Appellant and Oakley were
arrested.
            Appellant was indicted for possession of methamphetamine and felon in possession of a
firearm. The State tried Appellant for both offenses at the same time. The jury acquitted Appellant
of the felon in possession of a firearm charge but found him guilty of possession of
methamphetamine, for which it assessed a sentence of eighteen years of imprisonment.
 
Analysis Pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate records and is of the opinion that the records reflect no reversible
error and that there is no error upon which an appeal can be predicated. He further relates that he
is well acquainted with the facts in these cases. In compliance with Anders, Gainous, and High  v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant’s brief presents a chronological
summation of the procedural history of the cases, and further states that Appellant’s counsel is
unable to raise any arguable issues for appeal. Appellant has filed a pro se brief raising issues
concerning the sufficiency of the evidence, admissibility of evidence, charge error, and effectiveness
of trial counsel.
 
Insufficient Evidence
            In Part A of his first issue, Appellant contends the evidence is insufficient to support the
conviction because there was no evidence offered about any adulterants or dilutants. Asserting that
the State is bound by the allegations in the indictment, which alleged he possessed
“methamphetamine of more than one gram but less than four grams including any adulterants and
dilutants,” Appellant complains that there was no evidence that any “nonamphetemine substance”
in the baggies was adulterants or dilutants.
            The standard for reviewing the legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury’s verdict, any rational trier of fact could have found
beyond a reasonable doubt the essential elements of the offense charged. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). The jury is entitled to draw reasonable
inferences from basic facts to ultimate facts. Melton v. State, 120 S.W.3d 339, 342 (Tex. Crim.
App. 2003). 
            A person commits an offense if he knowingly or intentionally possesses a controlled
substance listed in Penalty Group 1, including methamphetamine. Tex. Health & Safety Code
Ann. §§ 481.102(6), 481.115(a) (Vernon 2003 & Supp. 2004). The offense is a felony of the
third degree if the amount of the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, one gram or more but less than four grams. Tex. Health & Safety
Code Ann. § 481.115(c) (Vernon 2003). The term “controlled substance” includes the drug listed
in the Health and Safety Code and adulterants and dilutants. Tex. Health & Safety Code Ann.
§ 481.002(5) (Vernon Supp. 2004). The term includes the aggregate weight of any mixture,
solution, or other substance containing a controlled substance. Id.
            Under this definition, the State is not required to determine the amount of controlled
substance and the amount of adulterant and dilutant that constitute the mixture. Melton, 120
S.W.3d at 344. The State has to prove only that the aggregate weight of the controlled substance
mixture, including adulterants and dilutants, equals the alleged minimum weight. Id.
            The lab report showed that one baggy contained “1.72 grams of powder containing
METHAMPHETAMINE” and the other baggy contained “2.06 grams of powder containing
METHAMPHETAMINE.” Together, the baggies contained a total of 3.78 grams. This amount
is well above the minimum alleged in the indictment. There is legally sufficient evidence to prove
Appellant possessed methamphetamine of more than one gram but less than four grams including
any adulterants and dilutants, as alleged in the indictment. See id.
            In Part B of his first issue, Appellant asserts his constitutional rights were violated when
Officer Davis obtained a coerced statement from him prior to admonishing him of his rights. In
support of this argument, Appellant attached a copy of Officer Davis’s report as an appendix to
his brief. He argues that if the report had been placed into evidence, the jury would have rendered
a different verdict.
            Officer Davis testified that, as he was placing Appellant in his patrol car, Appellant asked
if he could get a pack of cigarettes that his friend had given him out of the van. When Officer
Davis said he could not, Appellant told the officer he believed there was something in them that
did not need to be there. 
            An oral admission against interest, which does not stem from custodial interrogation, and
is given freely, voluntarily, and without compulsion or persuasion, is admissible evidence against
the accused. Shiflet v. State, 732 S.W.2d 622, 623 (Tex. Crim. App. 1985). Interrogation
connotes a calculated practice on the part of a government official in an attempt to evoke an
incriminating response. Cooks v. State, 844 S.W.2d 697, 734 (Tex. Crim. App. 1992). Based on
Officer Davis’s testimony at trial, it is clear that he was not interrogating Appellant at the scene
of the arrest. Therefore, Appellant’s statements were admissible.
            The illegal controlled substance made the basis of this prosecution was found during a pre-impoundment inventory search necessitated by Appellant’s arrest for parole violation. It was not
found because of Appellant’s statement. Further, we must decline Appellant’s invitation to
consider the police report attached as an appendix to his brief because it is not part of the
appellate record. See James v. State, 997 S.W.2d 898, 901 n.5 (Tex. App. - Beaumont 1999, no
pet.). Moreover, it could not have been admitted into evidence because it constitutes inadmissible
hearsay. Tex. R. Evid. 803(8)(B). Appellant’s argument that the absence of the statement, or the
presence of the report, would make a difference in the outcome of the trial has no merit. We
overrule Appellant’s first issue.
Extraneous Offenses
            In his second issue, Appellant contends the jury should not have been allowed to hear
about extraneous offenses during voir dire and trial. He argues the information was unduly
prejudicial.
            Appellant’s counsel, during voir dire, told the jury that Appellant is charged with the
offense of escape, but is not being tried on that charge during this trial. Counsel went on to
comment that the escape was reported in the news and everybody had heard about it.
            During the State’s case-in-chief, Jerry Fron, a county employee, explained that his truck
was stolen. A .22 rifle was under the seat at the time it was taken. Bob Taylor, a friend of Fron’s,
testified that he saw Fron’s truck being driven fast. Fron was not in the truck, although he saw
two people in it. Later that day, a deputy sheriff told him two escapees had borrowed a pickup. 
Clint Pullen, an investigator for the sheriff’s department, testified that two road-crew inmates had
escaped in a county employee’s truck. The truck had later been found. No rifle was found in the
truck.
            Just before the start of this trial, Appellant moved to try the possession of
methamphetamine case together with the felon in possession of a firearm case. Therefore,
evidence relevant to both charges was presented to the jury.
            The trial court has wide discretion in deciding whether to admit evidence of extraneous
offenses. Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (op. on reh’g). 
We will not disturb the trial court’s decision to admit evidence of extraneous offenses absent an
abuse of discretion. Id. As long as the trial court’s ruling is within the zone of reasonable
disagreement, an appellate court will not reverse that ruling. Id. As a general rule, to prevent an
accused from being prosecuted for some collateral crime or misconduct, the State may not
introduce evidence of other bad acts, even if relevant. Tex. R. Evid. 404(b). 
            As an exception to the rule, extraneous offense evidence may be admissible as contextual
evidence. Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). There are two types of
contextual evidence: (1) evidence of other offenses connected with the primary offense, referred
to as same transaction contextual evidence; and (2) general background evidence, referred to as
background contextual evidence. Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). 
Same transaction contextual evidence is admissible as an exception under Rule 404(b) where such
evidence is necessary to the jury’s understanding of the charged offense. Rogers v. State, 853
S.W.2d 29, 33 (Tex. Crim. App. 1993). Extraneous conduct is considered to be same transaction
contextual evidence when the charged offense would make little or no sense without also bringing
in the same transaction evidence. Id. It is admissible because in narrating the crime for which
the defendant is on trial, it is impracticable to avoid describing the contextual evidence. Mayes,
816 S.W.2d at 86-87 n.4. Such evidence provides the jury information essential to understanding
the context and circumstances of events that are blended or interwoven. Camacho v. State, 864
S.W.2d 524, 532 (Tex. Crim. App. 1993). Background contextual evidence is not admissible as
one of the “other purposes” for which evidence may be admitted under Rule 404(b) when it
includes an impermissible character component. Mayes, 816 S.W.2d at 88. 
            It was necessary for the State to present evidence of the stolen rifle in order to prove its
case against Appellant for felon in possession of a firearm. The evidence of the escape in a stolen
truck is same transaction contextual evidence, necessary to the jury’s understanding of one of the
offenses for which Appellant was being tried. Rogers, 853 S.W.2d at 33. There was no error in
allowing the jury to hear about the complained-of extraneous acts. We overrule Appellant’s
second issue.
 
Jury Charge
            In his third issue, Appellant contends the trial court erred during the sentencing phase
when it instructed the jury about parole eligibility and requirements. He asserts the instruction
is unconstitutional and led to a sentence that is two years longer than it would have been if the
jury had not been given the instruction.
            The trial court instructed the jury in accordance with Texas Code of Criminal Procedure
article 37.07, section 4(c), which mandates the instruction. See Tex. Code Crim. Proc. Ann. art.
37.07, § 4(c) (Vernon Supp. 2004). The Texas Constitution provides that “[t]he Legislature shall
have authority to enact . . . laws that require or permit courts to inform juries about the effect of
good conduct time and eligibility for parole or mandatory supervision on the period of
incarceration served by a defendant convicted of a criminal offense.” Tex. Const. art. IV,§ 11(a). 
The court of criminal appeals has reviewed this issue and determined that the statute is
constitutional. Luquis v. State, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002). We overrule
Appellant’s third issue.
 
Pen Packet
            In his fourth issue, Appellant asserts that the trial court erred in allowing his pen packet
into evidence. He argues the evidence was more prejudicial than probative.
            In addition to this possession of methamphetamine charge, Appellant was on trial for the
offense of felon in possession of a firearm. A person who has been convicted of a felony
commits an offense if he possesses a firearm after conviction and before the fifth anniversary of
the person’s release from confinement following conviction of the felony. Tex. Pen. Code Ann.
§ 46.04 (Vernon Supp. 2004). The prior felony conviction is an element of one of the offenses
that Appellant was being tried for. The pen packet was proof of that conviction. See Gill v.
State, 57 S.W.3d 540, 546 (Tex. App. - Waco 2001, no pet.). Therefore, it was properly before
the jury. We overrule Appellant’s fourth issue.
 
Ineffective Assistance
            In his fifth issue, Appellant asserts his trial counsel was ineffective before and at trial. He
argues that, due to numerous poor decisions, counsel caused more harm than good. Appellant
lists nine complaints.
            The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must
show that (1) counsel’s representation fell below an objective standard of reasonableness, and (2)
there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104
S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986). Absent a showing of both prongs of the Strickland test, this Court cannot
conclude that a defendant’s conviction resulted from a breakdown in the adversarial process such
that it rendered the result unreliable. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Claims of
ineffective assistance of counsel must be supported by the record. See Mercado v. State, 615
S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981).
            Appellant complains that counsel did not contact him soon enough after being appointed. 
Our record does not show when counsel contacted him. Counsel announced ready for trial when
the cases were called for trial. Apparently, counsel contacted Appellant in a timely manner. See
id.
            Appellant complains that counsel filed pretrial motions in the firearm case when they
should have been filed in the possession of a controlled substance case, thus delaying the trial. 
Assuming this caused the delay, Appellant has not shown the outcome would have been different
if he had gone to trial sooner. See Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064.
            Appellant complains that counsel missed two pretrial hearings. The record shows
counsel missed only one hearing. There is no explanation for his absence in the record. The trial
court merely reset it. Appellant has not shown that the outcome of this case would have been
different if counsel had attended the missed hearing. See id.
            Appellant complains that counsel withdrew the motion to suppress without discussing
its full intent. As explained above, the motion to suppress had no merit. Counsel did not err by
withdrawing it. See id.
            Appellant complains that counsel brought up extraneous offenses during voir dire. As
explained above, this was not error. See id.
            Appellant complains that counsel erred by not objecting when extraneous offense
evidence was admitted. As explained above, the extraneous offense evidence was admissible;
therefore, counsel had no need to object. Appellant complains that counsel erred by not
objecting to admission of the police videotape. The camera was mounted on Davis’s police
cruiser and videotaped the stop and arrest. The evidence on the video is cumulative of Davis’s
testimony, which was presented to the jury before the video was shown to it. Appellant fails to
show the result would have been different if the video had not been presented to the jury. 
Appellant complains counsel erred in failing to object to the State’s slanderous statements made
in opening and closing arguments. He does not specify the statements he complains of and
therefore has not preserved this complaint for review. See McDuffie v. State, 854 S.W.2d 195,
205 (Tex. App. - Beaumont 1993, pet. ref’d).
            Appellant complains that counsel told him he must testify; otherwise, he would look
guilty. What counsel told Appellant is not in the record. We note, however, that Appellant told
the judge that he understood his rights and was testifying voluntarily.
            Appellant complains that counsel failed to have the felon in possession of a firearm case
expunged. Appellant was acquitted of that offense at the same time he was convicted of
possession of methamphetamine. This complaint has no bearing on whether counsel provided
effective assistance during the trial of the possession of a controlled substance case.
            Finally, Appellant complains that counsel showed no knowledge of the records in his
case. Appellant argues that counsel stated in his brief that Appellant was indicted on June 23,
2002 when he was actually indicted on August 14, 2002. The pertinent sentence in counsel’s
brief reads: “Shawn Monroe Cowan was indicted by the Grand Jury of Hood County, Texas for
possession of a controlled substance over one gram but under four grams on June 23, 2002.” 
While the wording of the sentence might be misleading, we understand it to reflect that the
offense was alleged to have occurred on June 23, 2002. This does not indicate counsel lacks
knowledge of the record.
            Appellant has shown neither prong of the Strickland test. Trial counsel was not
ineffective. We overrule Appellant’s fifth issue.
 
Conclusion
            Appellant raised no reversible error in his pro se brief. We have reviewed the records for
reversible error and have found none. As required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant’s counsel has moved for leave to withdraw. We carried the motion
for consideration with the merits of the appeal. Appellant’s counsel’s motion for leave to
withdraw is hereby granted and the trial court’s judgment is affirmed.
 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)