Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JORGE TORRES,

                              Appellant,

v.

THE STATE OF TEXAS,

                               Appellee.


§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00084-CR

Appeal from the

120th District Court

of El Paso County, Texas

(TC# 20020D03973)




O P I N I O N

           Jorge Torres appeals his conviction for assault against a member of his family or
household, enhanced by a prior family violence assault conviction. Appellant waived his
right to a jury trial and entered a negotiated plea of guilty. In accordance with the plea
bargain, the trial court assessed punishment at a $500 fine and imprisonment for five years,
but suspended the sentence and placed Appellant on community supervision for a term of
five years. We affirm the judgment of the trial court.
I. FACTUAL SUMMARY
           The two paragraph indictment alleged that Appellant assaulted Tabitha Hunter, a
member of Appellant’s family or household, by striking her head with his hand or by
grabbing her body with his hand. The indictment also contained an enhancement paragraph
which alleged that Appellant had previously been convicted of an offense against a member
of his family or household under Section 22.01 of the Penal Code.


 More specifically, the
indictment alleged that Appellant had been convicted of assault on November 21, 1997, in
cause number 970C11031 in the County Court at Law Number CCMA of El Paso County,
Texas. The judgment in that cause number contained an affirmative finding by the court that
“this offense did involve family violence.” Appellant did not appeal the 1997 conviction.
           Appellant filed a motion to dismiss the indictment for want of jurisdiction alleging
that enhancement of the assault to a third-degree felony violated his right to due process
because the family violence finding made in the assault case used for enhancement purposes
was made by the trial court without prior notice or the opportunity for a hearing. He further
argued that Article 42.013 of the Code of Criminal Procedure


 is unconstitutional as applied
to him because the affirmative family violence finding used to enhance his punishment was
made by a judge, and not by a jury, in violation of the Supreme Court’s decisions in Ring v.
Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) and Apprendi v. New Jersey,
530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). At the hearing on Appellant’s
motion, the trial court noted that Appellant had waived his right to a jury trial in the 1997
case, and therefore, the court became the fact finder and could make the family violence
finding without violating Apprendi. The court also found that Appellant had not proven his
lack of notice allegation. Consequently, the court denied Appellant’s motion, and Appellant
later entered a guilty plea.
II. MOTION TO DISMISS INDICTMENT
           Appellant challenges the trial court’s denial of his motion to dismiss the indictment
by two points of error. In Point of Error No. One, Appellant contends that the trial court
erred by denying his motion to dismiss the indictment for lack of jurisdiction. He argues that
the district court lacked jurisdiction because the State is prohibited from using the family
violence affirmative finding to enhance his punishment in the instant case. In Point of Error
No. Two, Appellant asserts that Article 42.013 is unconstitutional as applied to him because
it required the judge, not a jury, to make the affirmative finding of family violence in the
1997 conviction.
A. Waiver
           Citing James v. State, 997 S.W.2d 898, 901 (Tex. App.--Beaumont 1999, no pet.), the
State first responds that Appellant waived any complaint about the use of the prior conviction
and its family violence affirmative finding because he failed to object to admission of a
certified copy of the 1997 judgment at the guilty plea hearing. In James, a jury convicted the
defendant of felony driving while intoxicated. The indictment in this case alleged two prior
DWI convictions for enhancement purposes. On appeal, James argued that one of the prior
convictions was void because he had not been admonished as to the range of punishment
prior to the entry of his plea in that case.
           The court of appeals held that James failed to preserve for appellate review his
collateral challenge to the prior misdemeanor DWI conviction because defense counsel stated
specifically at trial that he had no objection to admission of prior convictions. James, 997
S.W.2d at 901. The instant case is distinguishable because Appellant, unlike the defendant
in James, filed a pre-trial motion to dismiss which served to preserve his complaint for
appellate review. While Appellant’s counsel affirmatively stated that he had “no objection”
to the admission of a certified copy of the judgment in cause number 970C11031 (State’s
Exhibit 2), counsel also informed the judge hearing the guilty plea


 that Appellant’s motion
to dismiss the indictment had previously been denied and Appellant intended to appeal that
ruling. Counsel stated his belief that admission of State’s Exhibit 2 did not waive
Appellant’s complaints raised in the motion to dismiss. Therefore, we find that Appellant’s
complaints are preserved for review.
B. Improper Collateral Attack
           The State next contends that Appellant is not permitted to collaterally attack the prior
conviction.


 A prior conviction that is alleged for enhancement may be collaterally attacked
if it is void or if it is tainted by a constitutional defect. Galloway v. State, 578 S.W.2d 142,
143 (Tex. Crim. App. [Panel Op.] 1979). Lesser infirmities in a prior conviction, such as
insufficiency of the evidence and irregularities in the judgment or sentence, may not be raised
by a collateral attack even though they might have resulted in reversal if presented on appeal. 
Id. When prior convictions are collaterally attacked, the judgments reflecting those
convictions are presumed to be regular, and the accused bears the burden of defeating that
presumption. Williams v. State, 946 S.W.2d 886, 900 (Tex. App.--Waco 1997, no pet.).
           At the motion hearing, Appellant had the burden of showing that the 1997 conviction
is either void or tainted by constitutional defect. See Battle v. State, 989 S.W.2d 840, 841
(Tex. App.--Texarkana 1999, no pet.); State v. Garcia, 905 S.W.2d 7, 9 (Tex. App.--San
Antonio 1995, pet. ref’d). Appellant did neither. Even assuming that Appellant’s Ring-Apprendi argument has merit, it would not invalidate the prior conviction but would only
result in the deletion of the affirmative finding from the 1997 judgment. The State could still
utilize the 1997 conviction for enhancement purposes although it would be required to prove
by extrinsic evidence that the conviction involved assault on a member of Appellant’s family
or household. Cf. Mitchell v. State, 102 S.W.3d 772, 774 (Tex. App.--Austin 2003, pet.
ref’d) (defendant’s prior assault conviction amounted to conviction of family violence
assault, for purposes of enhancement of his sentence on subsequent conviction of felony
family violence assault, despite lack of affirmative finding in prior judgment of conviction
that offense involved family violence, where extrinsic evidence established that prior offense
was committed against woman with whom he was cohabiting at time of assault); State v.
Eakins, 71 S.W.3d 443, 444 (Tex. App.--Austin 2002, no pet.) (under section 22.01(b)(2)
prosecution, the absence of an article 42.013 affirmative finding does not preclude a later
determination that the prior conviction was for assault of a family member). Because the
arguments raised by Appellant may not be raised in a collateral attack on the prior conviction,
we overrule Points of Error Nos. One and Two.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
February 17, 2005

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.
Larsen, J., not participating

(Do Not Publish)