POOL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-521-CR

JEFFERY LAMONT POOL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Jeffery Lamont Pool appeals from his conviction for burglary of a habitation.  In two points, he complains (1) that the evidence is legally insufficient to support a finding of “true” to one of two enhancement paragraphs and (2) that the trial court committed constitutional error when it denied Appellant’s request to represent himself at trial.  We affirm.

Procedural Background

Because Appellant does not challenge the sufficiency of evidence with regard to guilt, we need not linger over the facts of the underlying guilty verdict.  It is enough to know that Appellant was charged by indictment with burglary of a habitation, the indictment alleged two prior conviction enhancements, and a jury found Appellant guilty.

At the punishment phase of his trial, Appellant pleaded “not true” to the enhancements.  As evidence of the enhancements, the State offered—without objection—two judgments revoking probation with regard to prior convictions.  The jury found both enhancement paragraphs “true” and assessed punishment at fifty years’ confinement.

Discussion

In his first point, Appellant complains that the judgment offered to prove the first enhancement paragraph was void and that the evidence is therefore legally insufficient to support a finding of “true” on that enhancement.  We disagree.

To understand Appellant’s point, we must look back to the prior conviction in question and his appeals from it.  Appellant pleaded guilty to possession of a controlled substance on November 14, 1991 and was sentenced to ten years’ confinement, probated.  The trial court revoked his community supervision on August 8, 1997.  Appellant appealed the revocation.  While the appeal was pending, the State filed another motion to revoke community supervision.  The trial court revoked Appellant’s probation a second time on August 14, 1998 and again Appellant appealed.  Meanwhile, just one day earlier on August 13, 1998, this court affirmed the August 8, 1997 revocation.  
See Pool v. State
, No. 2-97-720-CR (Tex. App.—Fort Worth Aug. 13, 1998, no pet.) (not designated for publication).  On March 18, 1999, we dismissed the appeal of the second order revoking community supervision as moot because we had already affirmed the first order.  
See Pool v. State
, No. 2-98-370-CR (Tex. App.—Fort Worth March 18, 1999, no pet.) (op. on reh’g) (not designated for publication). 

At the punishment phase of the trial now on appeal, the State offered the 
August 14, 1998 
judgment revoking probation to prove the enhancement paragraph.  It did not offer the August 8, 1997 judgment. 

Appellant contends that the August 14, 1998 judgment was void and therefore is no evidence of the prior conviction.  His argument fails for two reasons.  First, Appellant failed to object to the admission of the August 14, 1998 judgment.  In fact, trial counsel specifically stated that he had no objection to the admission of the judgment.  Therefore, Appellant has not preserved this point for review.  
See
 
Tex. R. App. P
.
 33.1; Tex. R. Evid.
 103(a)(1); 
see also James v. State
, 997 S.W.2d 898, 901 (Tex. App.—Beaumont 1999, no pet.) (holding complaint not preserved where defendant failed to object to admission of potentially void prior conviction).

Second, Appellant’s claim that the August 14, 1998 conviction is void is unfounded.  In our original opinion on Appellant’s appeal from the August 14 judgment, this court reversed, remanded, and instructed the trial court to withdraw its void order revoking community supervision.  But on rehearing, we withdrew the first opinion and simply dismissed the appeal as moot.  Accordingly, the August 14, 1998 conviction was not void as Appellant now claims.

Appellant also complains that the State failed to link him to the prior conviction with fingerprint evidence.  Fingerprint evidence is but one of several ways to prove that a defendant is the same defendant in a prior conviction.  
Littles v. State,
 726 S.W.2d 26, 28 (Tex. Crim. App. 1984).  Judicial admission by the defendant is another.  
See
 
Bryant v. State
, ____ S.W.3d ___, ___, No. PD-672-04, 2005 WL 765840, at * 4 (Tex. Crim. App. Apr. 6, 2005).  In this case, Appellant admitted that he was convicted of possession of a controlled substance on November 14, 1991, sentenced to ten years in prison, probated, and that his community supervision was later revoked.  We hold that Appellant’s admission was legally and factually sufficient to support a finding of “true” to the prior conviction enhancement.  We overrule Appellant’s first point.

In his second point, Appellant argues that the trial court erred by denying him his Sixth Amendment right of self-representation.  We disagree.

Under the Sixth Amendment, an individual may choose to represent himself so long as he makes the decision to do so intelligently, knowingly, and voluntarily.  
Godinez v. Moran
, 509 U.S. 389, 400-01, 113 S. Ct. 2680, 2687 (1993);
 Faretta v. California
, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975); 
Oliver v. State
, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994). This right is also protected by the Texas Constitution and by statute.  
Tex. Const. Art
. 1, § 10; 
Tex. Code Crim. Proc. Ann.
 art. 1.051(f) (Vernon 2000)
. There are two prerequisites that need to be addressed in order to determine whether this right has attached.  First, this right does not attach until a defendant clearly and unequivocally asserts it. 
 Faretta
, 422 U.S. at 835-36, 95 S. Ct. at 2541; 
Scarbrough v. State
, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989);
 Funderburg v. State
, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986).  Second, the right to self-representation may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice.
 Thomas v. State
, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977); 
Parker v. State
, 545 S.W.2d 151, 156 (Tex. Crim. App. 1977).

Whether a defendant has invoked his right to self-representation is a threshold factual issue that we review under the abuse of discretion standard.  
DeGroot v. State
, 24 S.W.3d 456, 457 (Tex. App.—Corpus Christi 2000, no pet.).

The trial court conducted a pretrial hearing on the morning of trial.  The following exchange took place at the beginning of the hearing:

THE COURT:  Is the State ready to proceed?

              

[PROSECUTOR]:  The State is ready.  

              

THE COURT:  Is the defense ready?  

              

THE DEFENDANT:  No, sir.

              

[DEFENSE COUNSEL]:  The defense is ready, Judge.  However, I need to bring to the Court's attention my client's concerns about my further representation of my client.

              

THE COURT:  Okay.  You may proceed.

              

[DEFENSE COUNSEL]:  My client is of the opinion that I should not represent him for reasons which are not particularly clear to me.  However, since he wishes me to withdraw from his case, I will make that gesture at this point in time.  My client, I believe, has some things that he would like to bring to the Court's attention dealing with my alleged ineffective assistance or representation of him in this matter.  With that point in mind, Judge, I pass the podium over to my client.

              

THE COURT:  Mr. Pool, stand up.  Now, what do you have to say?

              

THE DEFENDANT:  Yeah.  I feel like he's not to the best of my interest due to the fact that, you know what I'm saying, I asked him to do several things concerning this case before -- before we even come to trial.  I ask him about a change of venue due to my conflict with the DA's office here and due to the experience I have experienced here in this courtroom.  And he refused to get those -- the documents to show this evidence concerning this conflict that I have.  And he stated -- he denied me those and he told me that I don't need those papers to show anything.  He's not trying to help me at all, period, concerning my defense on this case.

THE COURT:  So have you hired another attorney besides [defense counsel]?

              

THE DEFENDANT:  No, sir, not at this time.  

              

THE COURT:  This is the third time we've been through this with you, Mr. Pool.  The motion is denied.  Have a seat. 

The clerk’s record reflects that Appellant had three other court-appointed lawyers before trial, 
all of whom withdrew because of conflicts with Appellant. Near the end of the pretrial hearing, the following exchange took place:

[DEFENSE COUNSEL]: [M]y client looks at a prison sentence at anywhere between 25 years to life.  Regardless of that fact, my client still wishes to have the jury decide his fate.  Is that correct, Jeffery?

. . . .

              

THE DEFENDANT:  That's not what I told him. 

              

THE COURT:  Okay.  What did you tell him?  

              

THE DEFENDANT:  I told him I wasn't making no decisions on that.  I wasn't signing anything because we not ready for no trial yet and there's still things that need be to done before a jury trial.  And I've been telling him this for the longest.

THE COURT:  Anything else, [Defense Counsel]?  

              

[DEFENSE COUNSEL]:  No, Judge.

              

THE COURT:  Okay.  Do you have -- 

              

THE DEFENDANT:  I would like to represent myself rather than him representing me.  I can represent myself.

. . . .

THE DEFENDANT: Do I not have a right to represent myself?

THE COURT: No, sir.  Not at this time you do not. 

When the case was called for trial later that day, the trial court explained its decision on the record:

THE COURT:  Let's go back the record.  State have anything else before we seat the jury panel?  

              

[PROSECUTOR]:  No, Your Honor.  I would just ask the Court to take judicial notice of the fact that the Defendant has been represented by court appointments with John Curry, Carl Quisenberry, and Reggie Wilson.  And all three -- he has asked that all three be removed previously.  

              

THE COURT:  The Court notes that and the Court's decision is to not allow the Defendant to represent himself based on the fact that that situation has presented itself in these other cases where prior court-appointed attorneys have withdrawn from the case due to the Defendant's failure to cooperate, and the Defendant's decision or request to represent himself is based on the Court's refusal to appoint a different attorney here on the trial.  And the Court stands by its decision. 

              

Taken out of context, Appellant’s statement that “I would like to represent myself rather than have him represent me” appears to be an unequivocal and unconditional invocation of his self-representation right.  But a defendant’s request to represent himself cannot be taken alone or out of context.  
DeGroot
, 24 S.W.3d at 458.  When examined in the broader context of Appellant’s history with prior counsel and his other statements on the record, it appears that Appellant’s request to represent himself was conditioned on the trial court’s denial of Appellant’s explicit request to dismiss his attorney and implicit request to appoint new counsel.  “I would like to represent myself” is conditioned by “rather than have him represent me.”

Not only was Appellant’s request equivocal, but the record suggests that  he made the request simply to delay the orderly procedure of the court.  Appellant announced “not ready” at the beginning of the pretrial conference, while his attorney announced “ready.”  Later in the hearing, Appellant exclaimed that he was not ready for trial and that there were “still things that need to be done before a jury trial.”  Moreover, he waited until the very day of trial to make his equivocal request for self-representation.  These factors are some evidence that Appellant’s request was a calculated obstruction to the trial proceedings.  
See
 
Scarbrough
, 777 S.W.2d at 92.

Finally, we note that the main thrust of Appellant’s complaint is that the trial court erred by not making further inquiry into Appellant’s desire to self-represent and by not admonishing Appellant about the dangers of self-representation.  The trial court’s duty to admonish a defendant about the dangers of self-representation and further inquire into the defendant’s request arises only 
after
 the defendant has successfully invoked his right to represent himself. 
 Ex parte Winton, 
837 S.W.2d 134, 135 (Tex. Crim. App. 1992);
 Blankenship v. State, 
673 S.W.2d 578, 583 (Tex. Crim. App. 1984).  Here, the trial court concluded that Appellant did not successfully invoke his right to represent himself; therefore, the trial court was under no obligation to admonish Appellant about the dangers inherent in self-representation.

In light of the context in which Appellant expressed his desire to represent himself, we cannot say that the trial court abused its discretion in denying his request.  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

ANNE GARDNER

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.