In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00195-CR


______________________________




WANDA HIGBEE SCHINDLEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


 Franklin County, Texas


Trial Court No. 11134




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Wanda Higbee Schindley appeals from her conviction for the offense of driving while
intoxicated. She was sentenced to 120 days' confinement, probated for two years, and a fine of
$1,000.00. 

 Schindley's notice of appeal was filed September 10, 2008, and the clerk's record was filed
September 19, 2008. The reporter's record was due November 3, 2008, and has not been filed. 
Schindley is not indigent. Therefore, she is responsible for paying for, or making arrangements to
pay for, preparation of the appellate record. See Tex. R. App. P. 35.3(a), (b). 

 On December 4, 2008, we mailed a letter to Schindley's retained counsel, stating that, if we
did not receive information showing that Schindley was making a substantial and tangible effort to
prosecute the appeal by showing either a reasonable attempt to obtain a reporter's record or by filing
a brief based solely on the clerk's record within ten days of the letter, we would dismiss the appeal
for want of prosecution. Schindley has not contacted this Court. 






 Accordingly, we dismiss this appeal for want of prosecution. See Rodriguez v. State, 970
S.W.2d 133 (Tex. App.--Amarillo 1998, pet. ref'd).


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 13, 2009

Date Decided: January 14, 2009


Do Not Publish






ellee


                                              

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 09362


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          AnnDelyn Guess was convicted by a jury of interfering with the public duties of a
peace officer.


 The trial court assessed punishment at thirty days' confinement in the
county jail and a fine of $500.00. Imposition of sentence for the thirty days' confinement
was suspended, and Guess was placed on community supervision for a period of one year.
          Guess has filed an appeal pro se, asserting five points of error. In her first and third
points, she complains of the trial court's denial of her motion to suppress evidence. That
motion was based on what she contends was an unlawful search and seizure that took
place in her home. Guess contends in her second point the trial court erred in excluding
certain of her evidence at trial. In her fourth and fifth points, Guess contends the trial court
erred in denying her request for jury instructions. She argues that she was entitled to
instructions under Code of Criminal Procedure Article 38.23 (exclusionary rule) and Penal
Code Sections 9.31 (self-defense) and 9.33 (defense of third person). See Tex. Code
Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2004–2005); Tex. Pen. Code Ann. §§ 9.31,
9.33 (Vernon 2003).
          No reporter's record has been provided in this appeal. Guess filed with this Court
a "Statement Correcting the Docketing Statement" as follows:
Appellant, AnnDelyn Guess, filed her Motion Requesting Preparation of
Appellate Record furnished without charge on August 25, 2004. The trial
court heard this motion on September 10, 2004 and denied the motion. 
Appellant is financially unable to pay for the Reporter's Record, therefore the
Reporter's Record will not be furnished.

          An appellate record consists of "the clerk's record and, if necessary to the appeal,
the reporter's record." Tex. R. App. P. 34.1. Because none of Guess' five points of error
can be decided without a review of the evidence, we hold that a reporter's record is
necessary to this appeal. 
          In her lengthy brief before this Court, Guess makes extensive reference to written
statements and reports contained in the clerk's record that were filed in the trial court in
support of her motion to dismiss the charges. However, absent an agreed record pursuant
to Tex. R. App. P. 34.2, which we apparently do not have in this case, such statements and
reports cannot substitute for a certified reporter's record and cannot be considered by this
Court. See Yarbrough v. State, 57 S.W.3d 611, 616 (Tex. App.—Texarkana 2001, pet.
ref'd) (affidavits attached to appellant's motion filed with appellate court not part of
appellate record and cannot be considered); James v. State, 997 S.W.2d 898, 901 n.5
(Tex. App.—Beaumont 1999, no pet.) (appellate court may not consider documents
attached as appendices to motions).
          Because we have no reporter's record, we are precluded from making a proper
review of the evidence in considering the merits of Guess' appeal. Accordingly, all her
points of error are overruled.
 

          We affirm the judgment.

                                                                Donald R. Ross
                                                                Justice

Date Submitted:      January 6, 2005
Date Decided:         January 19, 2005

Do Not Publish