Affirmed and Memorandum Opinion
filed May 24, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00686-CR



Robert Wayne
Cruz, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 260th District Court

Orange County, Texas

Trial Court
Cause No. 0080048-R



 

MEMORANDUM OPINION 

A jury convicted appellant Robert Wayne Cruz of
aggravated sexual assault and assessed punishment at twenty years’
imprisonment.  Appellant challenges his conviction in two issues, arguing that the
evidence is insufficient to support his conviction and his trial counsel
rendered ineffective assistance.  We affirm.

Background

Appellant and M.B. had been in a relationship and had
a seven-year-old daughter together.  M.B. and her daughter lived together in a
one-bedroom home, and appellant was visiting one night in October 2008.  Around
midnight, with their daughter in the next room, appellant initiated a
twelve-hour session of violent sexual abuse.  He began punching M.B. and
pulling her hair.  He ripped off her clothes and repeatedly jabbed his thumb in
her anus.  He attempted to have anal sex with M.B., and when that did not work,
he repeatedly put his penis inside her vagina and mouth.  M.B. told him that
she did not want to have sex; she told him to stop and said, “No.”  During the
assault, appellant also strangled and bit M.B.  When M.B. told appellant that
she was pregnant, appellant punched her repeatedly in the stomach and said he
would kill the baby.  

The following afternoon, M.B. escaped and was brought
to a hospital.  Her medical records and a number of pictures of her injuries
were admitted at trial.  A nurse who conducted a physical examination of M.B.
also testified, explaining that there was a tear in M.B.’s anus but no injury
to her vagina.

After sentencing, appellant filed a motion for new
trial but did not allege ineffective assistance of counsel.  The trial court
did not hold a hearing, and the motion was denied by operation of law.  This
appeal followed.[1]

Sufficiency of the Evidence

Among the other statutory requirements of aggravated
sexual assault, the indictment in this case contained an allegation that
appellant penetrated M.B.’s female sexual organ with his penis.  In his second
issue on appeal, appellant argues there was so little evidence on this element
that no rational jury could find appellant guilty beyond a reasonable doubt. 
We disagree.

When reviewing the sufficiency of the evidence, we
view all of the evidence in the light most favorable to the conviction and
determine, based on that evidence and any reasonable inferences from it,
whether any rational fact finder could have found the elements of the offense
beyond a reasonable doubt.  Isassi v. State, 330 S.W.3d 633, 638 (Tex.
Crim. App. 2010); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The
jury is the exclusive judge of the credibility of witnesses and the weight to
be given their testimony.  See Isassi, 330 S.W.3d at 638.  Further, we
defer to the jury’s responsibility to fairly resolve or reconcile conflicts in
the evidence, and we draw all reasonable inferences from the evidence in favor
of the verdict.  Id.

At trial, M.B. answered in the affirmative to the
following question: “Did he insert his penis inside your female sexual organ?” 
Further, a statement contained in M.B.’s medical records admitted into evidence
includes M.B.’s assertion that “he stuck his penis in my vagina.”  Although appellant
testified that he did not have sex with M.B., and a nurse who conducted M.B.’s
medical exam testified that M.B.’s vagina was not injured, the jury was free to
resolve conflicts in the evidence.  From M.B.’s testimony and statement, a
rational jury could conclude beyond a reasonable doubt that appellant
penetrated her sexual organ with his penis.  See, e.g., Garcia v.
State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (“[The victim’s]
testimony, standing alone, is sufficient evidence of penetration.”); Tinker
v. State, 148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.)
(“[T]he complainant’s testimony alone is sufficient to support the jury’s
finding that sexual contact or penetration did in fact occur.”); Sandoval v.
State, 52 S.W.3d 851, 854 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d) (noting that the uncorroborated testimony of a sexual assault victim is
alone sufficient to support a conviction).

Accordingly, appellant’s second issue is overruled.  

Ineffective Assistance

In his first issue, appellant argues that his trial
counsel rendered ineffective assistance because counsel (1) failed to
adequately investigate and prepare for this case by requesting and reviewing
the medical records introduced into evidence and (2) should have requested that
the court appoint an expert to assist with the defense.  We disagree.

To prevail on an ineffective assistance claim, an
appellant must show that (1) counsel’s performance was deficient by falling
below an objective standard of reasonableness and (2) counsel’s deficiency
caused the appellant prejudice—that counsel’s errors were so serious as to
deprive the appellant of a fair trial, and there is a probability sufficient to
undermine confidence in the outcome that but for counsel’s errors, the result
of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687–88, 694 (1984); Perez v. State, 310 S.W.3d 890, 892–93
(Tex. Crim. App. 2010).  An appellant must satisfy both prongs by a
preponderance of the evidence; failure to demonstrate either deficient
performance or prejudice will defeat a claim of ineffectiveness.  Perez,
310 S.W.3d at 893.

We indulge a strong presumption that counsel’s
conduct was the result of strategic decision-making.  Strickland, 466
U.S. at 689.  Accordingly, claims of ineffective assistance must be firmly
grounded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  E.g., Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); James v. State, 997 S.W.2d 898, 902 (Tex.
App.—Beaumont 1999, no pet.).  Counsel’s explanation for his or her conduct is
usually a crucial issue that must be developed in the trial court.  See
Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).

The record in this case does not affirmatively show
that appellant’s trial counsel failed to request or review the medical records
prior to trial.  Appellant seems to rely on two statements made by counsel
during trial.  First, immediately before M.B. took the stand, counsel said, “I
haven’t had a chance to review her statement, and it may take me a few
minutes.”  This excerpt from the record, however, does not contain a reference
to the medical records, and although the medical records contain a statement
from M.B., she also made a statement to police.  Second, when the State offered
the medical records into evidence, counsel said, “I don’t have any objections,
but I’d like to be able to review them in—on Cross, Your Honor.”  This statement
does not establish by a preponderance of the evidence that counsel failed to
review the medical records prior to trial.

Further, although appellant claims that counsel was
ineffective for failing to request that the court order the State to produce the
medical records prior to trial, on appeal the State notes that these records
were on file in the case and available to appellant’s counsel.  Appellant has
not developed a record in this case that would allow us to conclude counsel
failed to request or review the medical records prior to trial.

Appellant also has not established prejudice
regarding any failure to obtain the medical records prior to trial.  Counsel
was able to review the records and cross examine the nurse who examined M.B.
after the assault.  Counsel elicited favorable testimony from the nurse—in
particular, that M.B.’s vagina was “without injury.”  

Finally, appellant concedes in his brief that “there
is no showing on the record as to what the hardships or need was for additional
expert assistance.”  No evidence was adduced in the trial court to show how an
expert would have aided appellant’s defense.  However, to establish ineffective
assistance predicated on counsel’s failure to investigate and present
additional evidence, the appellant must show in the record what evidence was
available and how it would benefit the appellant.  See, e.g., Perez,
310 S.W.3d at 894 (“[T]he failure to call witnesses at the guilt-innocence and
punishment stages is irrelevant absent a showing that such witnesses were
available and appellant would benefit from their testimony.”) (quotation
omitted)).  Accordingly, we will not hold that counsel was ineffective for
failing to request the appointment of an expert when the record does not show
that an expert would have benefitted appellant’s defense.  See Brown v.
State, 334 S.W.3d 789, 803 (Tex. App.—Tyler 2010, pet. ref’d) (“[T]he
failure to request the appointment of an expert witness is not ineffective
assistance in the absence of a showing that the expert would have testified in
a manner that benefitted the defendant.”); Cate v. State, 124 S.W.3d
922, 927 (Tex. App.—Amarillo 2004, pet. ref’d) (same); see also Teixeira
v. State, 89 S.W.3d 190, 193–94 (Tex. App.—Texarkana 2002, pet. ref’d)
(finding no ineffective assistance in counsel’s failure to call sexual offense
expert to testify about likelihood of reoffending because there was no showing
in the record that an expert would have testified to the appellant’s benefit).

For these reasons, appellant’s first issue is
overruled.  Having overruled both of appellant’s issues, we affirm the trial
court’s judgment.

 








                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Frost,
Jamison, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The appeal was transferred by order of the Supreme Court of Texas to this court
from the Beaumont Court of Appeals.